IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

R. WAYNE JOHNSON,

    Petitioner/Plaintiff,

v.                                      Case No. 2:17-cv-00022

U.S. POSTAL SERVICE,
(and U.S.P.S. JOHN DOES 1-10),

    Respondents/Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's "Petition for a Writ of Mandamus" (ECF No. 1). The petitioner/plaintiff has not paid the applicable $400 filing fee or filed an Application to Proceed Without Prepayment of Fees and Costs (also known as an Application to Proceed *in forma pauperis*).

## THE PETITIONER'S ALLEGATIONS

The petitioner/plaintiff is a prisoner in the custody of the Texas Department of Criminal Justice. On January 3, 2017, the Clerk's Office received and docketed a "Petition for a Writ of Mandamus" (ECF No. 1), which the court used to initiate this civil action. The Petition, which is not a model of clarity, asserts that "Defendants have a mandatory duty to enforce (not violate) federal mail crimes" and further appears to seek a writ of mandamus to compel "delivery of the mail" and to "prevent mail crimes." (ECF No. 1 at

2-3). The Petition further appears to be asserting unspecified federal constitutional violations against unidentified United States Postal Service employees under *Bivens v. Six Unknown Named Fed. Officers of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971)[1], for which the petitioner seeks "no less than $3 million" in damages for "violation of 4th Amend – retaliation (18 U.S.C. 1513), caused by defendants' not delivering mail (their duty)." (*Id.* at 4-6).

## ANALYSIS

Similar to civil rights complaints, mandamus petitions are subject to the filing fee provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(b) and (g). *See, e.g., In re Kissi*, 652 F.3d 39, 41 (D.D.C. 2011). The PLRA provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes

---

[1] In *Bivens*, the Supreme Court established an avenue for pursuit of monetary relief against individual federal employees for certain federal constitutional violations.

provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); s*ee also, Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D. W. Va. June 30, 2008) (Johnston, J.).

From a review of the court's PACER case locator, www.pacer.gov, it is apparent that the petitioner/plaintiff is an abusive litigant, who, while incarcerated, has filed more than 60 cases in federal courts across the United States. Moreover, many of those cases have been dismissed as being frivolous, malicious or for failure to state a claim upon which relief can be granted, and the petitioner/plaintiff has already been found to have satisfied the "three strikes" rule with respect to his filings. *See, e.g., Johnson v. United States Marine Corps*, No. 2:13-cv-00066, 2013 WL 3652377 (N.D. Tex. Jul. 15, 2013) (listing 63 federal court cases filed by Johnson and noting that, as early as 2003, federal courts within the Fifth Circuit had imposed at least four strikes under § 1915); *see also Johnson v. Crain*, No. 3:04-cv-01810-L (N.D. Tex. Nov. 1, 2004) (noting that Johnson was allowed to proceed *in forma pauperis* in four prior civil actions, but all four were dismissed as frivolous under 28 U.S.C. § 1915(e)).[2] It is further apparent that the petitioner/plaintiff has filed petitions identical or comparable to the instant action in several other jurisdictions in a similar time frame. *See, e.g., Johnson v. United States Postal Serv.*, No. 5:15-ct-03338-BO (E.D.N.C) (dismissed under section 1915(g) on Dec. 22, 2016); *Johnson v. United States Postal Serv.*, No. 2:17-cv-00020 (E.D. Pa.) (dismissed on Jan. 9, 2017); *Johnson v. United States Postal Serv.*, No. 0:16-cv-04006-SRN-BRT (D. Minn.) (dismissed on Jan. 26, 2017).

---

[2] In 1996, the three strikes provision was moved from 28 U.S.C. § 1915(e) to 28 U.S.C. § 1915(g). However, the substance of the rule was not modified.

3

The undersigned has determined that the plaintiff has previously filed at least three actions in federal court which have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief can be granted. While the PLRA includes an exception to the section 1915(g) filing restriction if the prisoner is under imminent danger of serious physical injury, the plaintiff has not and cannot assert that he is under imminent danger of serious physical injury with respect to the allegations he has asserted in this civil action.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, while incarcerated, the petitioner/plaintiff has filed at least three federal civil actions that have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief may be granted and, thus, he qualifies for application of the three strikes provision contained in 28 U.S.C. § 1915(g). Additionally, the undersigned proposes that the presiding District Judge **FIND** that the petitioner/plaintiff's documents fail to state any facts indicating that he is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule in this matter. Therefore, dismissal of this civil action, without prejudice, is appropriate.[3]

## RECOMMENDATION

Pursuant to the proposed findings made herein, and the provisions of 28 U.S.C. § 1915(g), it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the

---

[3] It is further apparent that the United States District Court for the Southern District of West Virginia lacks jurisdiction over the proposed defendants herein and that this court is not the proper venue for this civil action. There are insufficient minimum contacts with the Southern District of West Virginia to give rise to this court's personal jurisdiction over the defendants. The petitioner/plaintiff is incarcerated in Texas. Thus, to the extent that his petition contains any cognizable claim concerning the failure to deliver his mail, such claim arose in and appears to be actionable, if at all, in a Texas court.

petitioner/plaintiff's Petition for Writ of Mandamus under 28 U.S.C. § 1915(g), without prejudice, and dismiss this civil action from the docket of the court.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner/plaintiff.

July 5, 2017

Dwane L. Tinsley
United States Magistrate Judge